1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RICHARD EDWARD JACKSON, III,                Civil No.   10-1696 WQH (CAB)

12                                 Petitioner,

13                   v.                          **ORDER DISMISSING CASE**
                                                 **WITHOUT PREJUDICE AND WITH**
14   STATE OF CALIFORNIA,                        **LEAVE TO AMEND**

15                                 Respondent.

16          Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254.

18                **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19          Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20   pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

21   qualified to proceed in forma pauperis.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

22          **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

23          Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas

24   Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents.

25   Challenges to the fact or duration of confinement are brought by petition for a writ of habeas

26   corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought

27   pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475,

28   488-500 (1973).  When a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500.  On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.  *Id.* at 499; *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 811-12 (10th Cir. 1997).

In the present case, it appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.  Petitioner lists various problems he claims he is facing in prison.  Specifically, Petitioner claims he is not getting the proper medication to treat his depression.  Petitioner's claim is not cognizable on habeas because it does not challenge the constitutional validity or duration of confinement.  *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).  "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).  Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition also reveals that Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden." *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

1   institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

2   petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

3   be the state officer who has official custody of the petitioner (for example, the warden of the

4   prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

5        A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

6   habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

7   actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v.

8   Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

9   habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

10  body" if directed to do so by the Court.  "Both the warden of a California prison and the Director

11  of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d

12  at 895.

13       Here, Petitioner has incorrectly named "State of California," as Respondent.  In order for

14  this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge

15  of the state correctional facility in which Petitioner is presently confined or the Director of the

16  California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.

17  1992) (per curiam).

18                                        **CONCLUSION**

19       For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and with

20  leave to amend.  If Petitioner wishes to challenge the validity of a state court conviction or the

21  length of his incarceration via a habeas corpus petition, he must submit, **no later than October

22  25, 2010**: (1) a copy of this Order with the $5.00 fee **OR** with adequate proof of his inability to

23  pay the fee; **AND** (2) a First Amended Petition which cures the pleading deficiencies outlined

24  in this Order.  If Petitioner wishes challenge the conditions of his confinement, he must file a

25  new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number.

26  **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION

27  TO PROCEED IN FORMA PAUPERIS FORM, A BLANK FIRST AMENDED**

28  **/ / /**

1  **PETITION FORM, AND A BLANK CIVIL RIGHTS COMPLAINT PURSUANT TO 42**

2  **U.S.C. § 1983 TOGETHER WITH A COPY OF THIS ORDER.**

3       **IT IS SO ORDERED.**

4

  DATED:  August 23, 2010

5

6                              **WILLIAM Q. HAYES**
                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28