# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. JACKSON, III,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>CAPT. PENA, et al.,<br><br>　　　　　　　　　　Respondents. | Civil No.　　10-1696 WQH (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING IN FORMA PAUPERIS APPLICATION;**<br><br>**(2) DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE; AND**<br><br>**(3) DENYING MOTION TO BE RELEASED TO FEDERAL CUSTODY** |

On August 10, 1010, Petitioner, a detainee of San Diego County Jail and proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On August 24, 2010, this Court dismissed the petition without prejudice because Petitioner failed to satisfy the filing fee requirement, failed to state a cognizable claim for federal habeas relief, and failed to name a proper respondent. In its Order, the Court noted that in order to have the case reopened, Petitioner was required to pay the filing fee or provide adequate proof of his inability to pay and file a First Amended Petition which cured the pleading deficiencies outlined in the Order. On September 8, 2010, Petitioner filed a motion to proceed in forma pauperis and a First Amended Petition.

## REQUEST TO PROCEED IN FORMA PAUPERIS

Along with his motion to proceed in forma pauperis, Petitioner has attached a copy of his trust account statement at the California correctional institution in which he is presently confined. According the statement, Petitioner has insufficient funds to afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

Upon review of the First Amended Petition, it appears that the First Amended Petition must be dismissed. As noted in this Court's previous dismissal order, a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 811-12 (10th Cir. 1997).

In the present case, it appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims he is not getting the proper medication to treat his depression. Petitioner's claim is not cognizable on habeas because it does not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral

attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974). Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

### MOTION TO BE RELEASED TO FEDERAL CUSTODY

On September 9, 2010, Petitioner filed a "Motion to be Released from Federal Custody." [Doc. No. 13]. Because the case must be dismissed for the reasons discussed above, the motion is **DENIED**.

### CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Petitioner's request to proceed in forma pauperis and **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to challenge the validity of a state court conviction or the length of his incarceration via a habeas corpus petition, he must submit, **no later than November 19, 2010**, a Second Amended Petition which cures the pleading deficiencies outlined in this Order. **If Petitioner wishes challenge the conditions of his confinement, he must file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number**. *For Petitioner's convenience, the Clerk of Court is directed to mail Petitioner a blank civil rights complaint pursuant to 42 U.S.C. § 1983 with a copy of this Order.*

**IT IS SO ORDERED.**

DATED: September 30, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge