1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD EDWARD JACKSON III, | CASE NO. 10cv1696-WQH-CAB |
|---|---|
| Petitioner, | ORDER |
| vs. | |
| STATE OF CALIFORNIA, | |
| Respondent. | |

HAYES, Judge:

    The matter before the Court is the review of the Second Amended Petition. (ECF No. 20).

## BACKGROUND

    On August 10, 1010, Petitioner, a detainee of San Diego County Jail and proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1).

    On August 24, 2010, this Court dismissed the Petition without prejudice because Petitioner failed to satisfy the filing fee requirement, failed to state a cognizable claim for federal habeas relief, and failed to name a proper respondent. (ECF No. 2).

    On September 8, 2010, Petitioner filed a motion to proceed in forma pauperis and a First Amended Petition. (ECF No. 8).

    On September 30, 2010, the Court granted the motion to proceed in forma pauperis and dismissed the First Amended Petition for failure to state a cognizable claim for federal habeas relief. (ECF No. 15). The Court stated:

> As noted in this Court's previous dismissal order, a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.... In the present case, it appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims he is not getting the proper medication to treat his depression. Petitioner's claim is not cognizable on habeas because it does not challenge the constitutional validity or duration of confinement.

*Id.* at 2 (citations omitted). The Court stated:

> If Petitioner wishes to challenge the validity of a state court conviction or the length of his incarceration via a habeas corpus petition, he must submit, no later than November 19, 2010, a Second Amended Petition which cures the pleading deficiencies outlined in this Order. If Petitioner wishes challenge the conditions of his confinement, he must file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number. For Petitioner's convenience, the Clerk of Court is directed to mail Petitioner a blank civil rights complaint pursuant to 42 U.S.C. § 1983 with a copy of this Order.

*Id.* at 3.

On October 12, 2010, Petitioner filed a document entitled, "Second Amended Petition." (ECF No. 20). The Second Amended Petition states: "This is a challenge to the conditions of my confinement and I know this is not the proper vehicle for this type of challenge, so I am making an attempt to make this amend [sic] cognizable by saying my current confinement is unconstitutional...." *Id.* at 2.

The Court takes judicial notice of the fact that, on October 18, 2010, Petitioner filed a separate action in this Court pursuant to 42 U.S.C. § 1983, which was assigned case number 10cv2200. Petitioner's Complaint in the § 1983 action contains allegations similar to those made in original Petition in this action.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.

When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release

1  or a speedier release from that imprisonment, his federal remedy is a writ of habeas corpus.
2  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A § 1983 action is a proper remedy for
3  a state prisoner who is making a constitutional challenge to the conditions of his prison life,
4  but not to the fact or length of his custody.  *See id.* at 499.

5        As discussed in this Court's previous dismissal orders, a Petition for Writ of Habeas
6  Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents,
7  which appear to constitute a challenge to the conditions of Petitioner's confinement.
8  Accordingly, the Second Amended Petition is dismissed without prejudice.  Subsequent to the
9  filing of the Second Amended Petition, Petitioner filed a separate action pursuant to § 1983,
10 which is the proper vehicle for challenging the conditions of his confinement.  *See* S.D. Cal.
11 Case No. 10cv2200.  This Order has no effect on Petitioner's § 1983 action, Case No.
12 10cv2200.

13       Review of the Second Amended Petition also reveals that Petitioner has failed to name
14 a proper respondent.  On federal habeas, a state prisoner must name the state officer having
15 custody of him as the respondent.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.
16 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when
17 a habeas petition fails to name a proper respondent.  *See id.*  "[A] petitioner may not seek [a
18 writ of] habeas corpus against the State under ... [whose] authority ... the petitioner is in
19 custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."
20 *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  "Both the warden of a California
21 prison and the Director of Corrections for California have the power to produce the prisoner."
22 *Ortiz-Sandoval*, 81 F.3d at 895.

23       In the Second Amended Petition, Petitioner has incorrectly named "State of California,"
24 as Respondent.  In order for this Court to entertain a habeas petition, Petitioner must name the
25 warden in charge of the state correctional facility in which Petitioner is presently confined or
26 the Director of the California Department of Corrections.  *See Brittingham v. United States*,
27 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).
28 //

CONCLUSION

IT IS HEREBY ORDERED that the Second Amended Petition is DISMISSED without prejudice for failure to state a cognizable claim for habeas corpus relief and failure to name a proper respondent. If Petitioner wishes to proceed with this habeas action, Petitioner must, no later than February 25, 2011, file a Third Amended Petition which cures the pleading deficiencies outlined in this Order. If Petitioner's Third Amended Petition does not cure the pleading deficiencies outlined in this Order, Petitioner is advised that the Court will dismiss his petition without prejudice but without further leave to amend. The Clerk of Court is directed to mail Petitioner a blank Third Amended Petition form together with a copy of this Order.

DATED: January 11, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge